IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

**ANGEL L. MACHIN RIVERA**

Debtor

FIRSTBANK PUERTO RICO

Movant

CASE No.: 14-09691 (ESL)

CHAPTER 13

## MOTION TO QUASH DEBTOR'S INTEND TO PAY VALUE OF COLLATERAL
## FOR LACK OF BASIC PROCEDURAL DUE PROCESS OF LAW

TO THE HONORABLE COURT:

COMES NOW, Movant **FIRSTBANK Puerto Rico**, through its undersigned attorney and ***without submitting to the jurisdiction of the Court***, very respectfully states and preys:

1.   Movant is a domestic corporation and an insured depository institution pursuant to section 3 of the Federal Deposit Insurance Corporation Act (*FDIC*).

1.   Debtor filed the instant petition for relief on November 24, 2014 under the provisions of chapter 13 of the Bankrutpcy Code (11 USC §1301 *et seq.*).

2.   In the case at bar, Movant is a secured creditor as holder of a duly registered personal security interest over a 2013 Nissan Versa (claim no. 1 at Claims' Registry) filed in the amount of $16,873.22.

3.   **The contract between Debtor and Firstbank PR was executed on May 24, 2013; this is 549 days prior to the filing of the voluntary petition**.

4.   Debtor's proposed plan dated November 24th, 2014 (docket no. 4) intends to pay the value of the collateral to Firstbank Puerto Rico.  As of today neither a contested matter has been filed against Movant nor service has been performed over appearing creditor.

5.   **Movant requests the denial of the confirmation of Debtor's proposed plan for two (2) reasons: (a) lack of service against appearing creditor, in violation of basic procedural due process requirements and (b) for lack of compliance with 11 USC § 1325(a)(9), since the loan which guarantees  Firstbank's claim no. 1 was incurred within the "910" prior to the filing of**

MOTION TO QUASH                                                                                                    2
FIRTSBANK Puerto Rico

the bankruptcy petition.

## LACK OF COMPLIANCE WITH PROCEDURAL DUE PROCESS OF LAW

6.  Debtor's intention to pay the value of Movant's collateral is a clear challenge to the validity or extend of Movant's claim.   Therefore, it should be brought to Court's attention through an adversary proceeding, pursuant to Rule no. 7001 (2) of the Federal Rules of Bankruptcy Proceeding.

7.  Regarding contested matters, Bankruptcy Rule 9014, states as follows:

> "In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded to the party against whom relief is sough.  No response is required under this rule unless the Court orders an answer to a motion.  **The motion shall be served in the manner provided for service of summons and complaints by Rule 7004** and, unless the Court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 70547056, 7064, 7069, and 7071." (emphasis added).

8.  Service of an adversary proceeding against an insured depository institution should be performed in accordance with Bankruptcy Rule 7004(h), enacted on October 22, 1994.  Said Rule states as follows:

> "Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Corporation Act), IN A CONTESTED MATTER OR ADVERSARY PROCEEDING SHALL BE MADE BY CERTIFIED MAIL ADDRESS TO AN "OFFICER" OF THE INSTITUTION UNLESS (*emphasis added*) the
>> (1) Institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>> (2) Court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>> (3) Institution has waived in writing its entitlement to service by certified mail by designating an "officer" to receive service. (emphasis added).

9.  The term "officer" as defined within the FDIC Act is framed within and limited under section 303.101 (b) of Definitions as "Senior Executive Officer", meaning the person who holds the title of president, chief executive officer, chief operating officer, that without any regard to title and salary, or compensation, performs the function of one or more of these positions. *Federal Deposit Insurance Act §303.101, (AGCY-ISS, Bank -Exp §67-371) on* Officers.

10. Service must comply with all technical requirements, as well as with all due process

considerations of fair play and substantial justice. Receipt of actual notice does not remedy defective service through which the Court fails to obtain personal jurisdiction. *In Re Jorob, 54 BR 693 (Bkcy. 1995), In re Van Metter, supra*. It requires that service of process on an insure depository institution in adversary proceedings or contested matters be made by "certified mail", rather than by ordinary mail address to an "officer" of the institution. It must be address directly to the "president" or other "officer" of the Corporation by name. *In Re Jaan and Schoon, 153 BR 98 (B.CT.N.D. Cal. 1993).*

11. Defendant has not waived in writing its entitlement to be served by certified mail through an officer of the institution nor by an appearing officer. Neither has FIRSTBANK designated another officer to be served on complaints, cases or adversary proceedings related to Bankruptcy Rule 7004(h). In absence of an attorney who has made an appearance on behalf of the insured depository institution, any contested matter or adversary proceedings should be notified to the attention of the President and CEO of the institution.

**DEBT INCURRED WITHIN THE "910 DAY" PRIOR TO THE FILING OF THE VOLUNTARY PETITION**

12. The Bankruptcy Code (11 USC) in section 1325 provides the criteria that the Court must apply in order to determine if a proposed Chapter 13 plan is confirmable. Moreover, that same section (11 USC §1325) sets forth the specific requirements that the plan must satisfy in order to be confirmed. Specifically 11 USC §1325(a)(3) requires that the plan be proposed in good faith and not by means forbidden by law.

13. Regarding the secured claims, section 1325(a)(5) of the Bankruptcy Code (11 USC) requires that with respect to each allowed secured claim provided for by the plan, one of the following three requirements be set by the plan-

> (A) The holder of such claim has accepted the plan;
> (B) (i) The plan provides that the holder of such claim retain the lien securing such claim, and
> (ii) the value as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
> (C) The debtor surrenders the property securing such a claim to such holder."

14. Likewise, the Court must take notice that 2005 BAPCPA inserted a provision at the end of section 1325(a)(9). It is commonly known as the "910 clause". Said clause protects secured creditors' purchase money security interests in collateral purchased within 910 days prior to the

filing of the bankruptcy petition. (Prior to BAPCA, debtors' concerns regarding vehicle were pretty much limited to a determination of vehicle value and interest rate. In such fashion, unless the vehicles were purchased on the eve of the bankruptcy, most debtors were able to retain and negotiate based on the fair market value. With the advent of 2005 BAPCPA and the creation of the commonly known "910 clause", the issue of value has been left to a second place; now if the vehicle was purchased within "910" prior to the filing of the petition, Debtor will pay the full amount irrespective of its real value.

15. Title 11 USC §506(a) prescribes the method for valuing an allowed secured claim. To that effect, section 506(a) provides that an allowed secured claim of a creditor secured by a lien on property in which the estate has an interest, ... is secured to the extent of the value of such creditor in the estate's interest in such property.

16. The inserted paragraph under 11 USC §1325 as amended by 2005 BAPCPA provides that for purposes of paragraph 5, section 506 shall not apply to a claim described in that paragraph if the creditor has a purchased security interest securing the debt subject to that claim, the debt was incurred within the 910 day prior to the filing date of the petition and the collateral for that debt consists of a motor vehicle, acquired for personal use of the debtor or if it consists of any other thing in value, if the debt was incurred during the one (1) year period preceding the filing of the petition.

17. The 910 day period commenced as the statute states, in the day the debt was incurred. *In re Trejos*, 371 BR 210 (9th Cir. BAP 2007).

18. In the case at bar Debtor bought a 2013 Nissan Versa, VIN no. 3N1CN7AP3DL832950, account no. 2861, financed by Firstbank PR. **See *Attachment "A"*.** A petition for relief under the provisions of Chapter 13 of the Bankruptcy Code (11 USC §1301 *et seq.*) was filed by Debtor on November 24, 2014. **See *Attachment "B"*.** The chapter plan dated November 24, 2014 (docket no. 4), filed with the voluntary petition, proposed to pay Firstbank's claim up to the value of its collateral, estimating the full amount in $9,699.00.

19. **On December 10, 2014 Firstbank PR filed a secured proof of claim (no. 1 at Claims' Registry) in the amount of $16,873.22 regarding a 2013 Nissan Versa [VIN no. 3N1CN7AP3DL832950 and account no. 2861] which originated on May 24, 2013. Evidence of the duly registered contract was included as supporting document for said claim. This debt**

<u>was incurred 549 days prior to the filing of the case at bar.  Therefore, Firstbank's claim no. 1</u>

<u>is a "910 claim", excluded from the applicability of 11 USC §506</u>.  *See Attachment "C"*.

For the above stated reasons, Movant respectfully requests this Honorable Court to deny the confirmation of the proposed chapter 13 plan dated November 24th, 2014.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. Local Bankruptcy Rule 9013-1 (c)(1).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of January, 2015.

## CERTIFICATE OF SERVICE

I hereby certify that a copy was served by CM/ECF at the authorized address to: all creditors, Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee, Roberto Figueroa Carrasquillo, Esq., counsel for debtors and to debtors by regular mail to the address of record: P.O. Box 206, San Lorenzo, P.R. 00754, as per the attached *List of Creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA - USDC 208906
Centro Servicios al Consumidor (248)
1130 Muñoz Rivera Ave., San Juan, P.R.
P.O. Box 9146, Santurce, P.R. 00908-0146
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

**1 First Bank**

CONTRATO DE VENTA CONDICIONAL AL POR MENOR A PLAZOS
(ACUERDO DE GRAVAMEN MOBILIARIO SOBRE EL VEHICULO)

MAY. 24. 2013
Mes  Dia  Año

**COMPRADOR(ES):**
Nombre: ANGEL L MACHIN RIVERA
Direccion: BO JAGUAL CARR 181 KM6.6
SAN LORENZO PR 00754

**VENDEDOR:**
Nombre: ALVAREZ, YASHIRA
ALBERIC MOTORS CORP
Direccion: BO SAN ANTONIO CARR #1 KM 30.3
CAGUAS, PUERTO RICO 00727

2861

Por la presente, el comprador suscrito (en adelante, "Usted" o "Comprador"), compra del vendedor suscrito (en adelante "Nosotros o el Vendedor") propiedad personal (en adelante, el "Vehículo") que a continuación se describe, sujeto a los términos y condiciones al dorso de este Contrato. El Comprador por este medio constituye a favor del Vendedor un gravamen mobiliario sobre el Vehículo y sobre cualquier mejora, accesiones, bienes o equipo incorporados o adheridos a dicho Vehículo y sobre cualquier otro bien o producto recibido por concepto de cualquier venta, cambio o disposición del Vehículo (incluyendo cualquier pago bajo una póliza de seguro), para garantizar y asegurar el pago y cumplimiento total a tiempo de todas las obligaciones contratadas por el Comprador bajo este contrato o cualquier otro acuerdo futuro entre el Comprador y el Vendedor. El Vendedor retiene un gravamen sobre el Vehículo, el cual ha sido entregado al Comprador a su entera satisfacción, hasta que el Comprador haya pagado y satisfecho todas sus obligaciones bajo este contrato. Usted reconoce que el Vehículo ha sido examinado, recibido y aceptado en su actual estado:

| Nuevo ☐ Usado ☒ | AÑO | MARCA | MODELO | CLASE O TIPO | NUMERO DE SERIE | PRECIO DE CONTRATO |
|---|---|---|---|---|---|---|
|  | 13 | NISS | VERSA |  | 3N1CN7AP3DL832950 | 18995.00 |

**DECLARACION INFORMATIVA REQUERIDA POR LEY FEDERAL**

| TASA DE PORCENTAJE ANUAL (APR) El costo de su crédito expresados como tasa anual | CARGO POR FINANCIAMIENTO La cantidad en dólares que le costará el crédito | CANTIDAD FINANCIADA La cantidad de crédito provisto a usted a su favor | TOTAL DE PAGOS La cantidad que habrá pagado después de efectuar todos los plazos contratados. | PRECIO DE VENTA TOTAL El costo total de su compra a crédito incluido su pronto pago de: $ 4000.00 |
|---|---|---|---|---|
| 13.95 % | $ 9421.52 | $ 19390.00 | 28920.02 | $ 32920.02 |

**Programa de Pagos:**

| Número de Plazos | Cantidad del Pago | Vencimiento de los Plazos |
|---|---|---|
| 1 | $ 520.02 | En 07/05/13 |
| 71 | $ 400.00 | Mensualmente comenzando 08/05/13 |
|  | $ | En |

**Cargos por Financiamiento:** Entendemos que la suma escrita en el encasillado de los Cargos por Financiamiento es un estimado del valor de dicho cargo. Si hacemos el pago antes de la fecha del vencimiento de los pagos, el cargo podrá ser menor al establecido. Si hacemos el pago luego de la fecha de vencimiento de los pagos, el cargo podrá ser mayor que el establecido. Por ésta misma razón, la suma escrita en el encasillado del Total de Pagos también es un estimado.
**Demora en el Pago:** Por cada plazo que esté en morosidad por un período mayor de (15) días, usted pagará un cargo igual al 5% del plazo vencido.
**Gravamen:** El Vendedor tendrá un gravamen mobiliario sobre el referido Vehículo a los efectos de garantizar el pago total de las obligaciones contraidas por el Comprador.
**Gastos Administrativos:** En el caso de pago por cheque se cobrará un cargo montante a diez dólares ($10.00) por cada cheque devuelto o hasta el máximo permitido por la Ley de Transacciones Comerciales.
**Pago Anticipado:** Usted podrá pagar por anticipado el saldo total del préstamo sin penalidad. Los intereses serán calculados hasta la fecha de pago.
Gastos de Inscripción: $ 98.50   (No se cobran cargos por financiamiento sobre esta partida y es pagadera al momento de realizar el primer plazo.)

**LEA CUIDADOSAMENTE ESTE CONTRATO PARA OBTENER INFORMACION EN CUANTO A LA FALTA DE PAGO O INCUMPLIMIENTO, MOTIVOS PARA ACELERAR EL VENCIMIENTO DEL CONTRATO, REEMBOLSO POR PAGO ANTICIPADO Y OTRAS CONDICIONES APLICABLES.**

**DESGLOSE DE LA CANTIDAD FINANCIADA**

1. Precio de Venta de Contado:
   a. Precio de Contado (con arbitrios)   $ 18995.00
   b. Accesorios Adicionales   $ 695.00
   c. Servicios   $ 00.00
   TOTAL - A: $ 19690.00
2. Pronto Pago:
   a. En Efectivo   $ 4000.00
   b. Vehículo tomado a cuenta (Cantidad Neta Acreditada)   $
   Año:
   Marca:
   TOTAL - B: $ 4000.00
3. Balance Adeudado del Precio al Contado:
   (Diferencia del total de partidas 1 y 2)   $ 15690.00
4. Otros Cargos:
   (Incluyendo cargos pagados a otras personas a su favor)
   a. Cantidad pagada a compañías de seguros, seguro obligatorio, ACAA por:   $ 3700.00
   b. Declaración de Financiamiento y Terminación (Ley 208 del 17 de agosto de 1995)   $ 10.00
   c. Derecho de inscripción pagado a Oficiales públicos: (No se cobran cargos por financiamiento sobre esta partida y es pagadera al momento de realizar el primer plazo)   $ 98.50
   d. Plan de Protección de Pagos de FirstBank   $ 00.00
   e. Plan de Protección de Pagos GAP de FirstBank   $ 00.00
   f. Otros:   $ 00.00
5. Balance del Principal (suma de partidas 3, 4-a, 4-d, 4-e y 4-f)   $ 19390.00
6. CARGOS POR FINANCIAMIENTO   $ 9421.52
7. Balance Diferido: (Total de Pagos) (suma de partidas 4-b, 4-c, 5 y 6)   $ 28920.02

**TERMINOS DEL CONTRATO**

El Vendedor tiene intenciones de ceder este Contrato a FIRSTBANK PUERTO RICO (de aquí en adelante El Banco). Si este Contrato es cedido a El Banco puede que sea considerado como un acreedor bajo este Contrato para propósito del "Truth-in-Lending-Act". En caso de que este Contrato sea cedido, al término "Vendedor" en lo sucesivo incluirá a El Banco y sus cesionarios, excepto según se exceptúe en este Contrato. Este Contrato se regirá por las leyes de Puerto Rico y contiene todos los términos y condiciones pactados por las partes.

1. Usted se compromete al cumplimiento de todas las obligaciones y condiciones contenidas en este Contrato, incluyendo pero no limitado a los TERMINOS Y CONDICIONES ADICIONALES al dorso de este contrato y el "ANEJO DE AVISOS" DEL CONTRATO DE VENTA AL POR MENOR A PLAZOS, cualquier otro anejo y contrato de servicios que forman parte del mismo.

2. Usted se compromete a pagar al Vendedor los plazos establecidos en este Contrato enviando los mismos por correo a la siguiente dirección: FIRSTBANK PUERTO RICO, PO. BOX 13817, SAN JUAN, PUERTO RICO 00908-3817.

3. El Vehículo y el título al mismo quedan gravados a favor del Vendedor y/o sus cesionarios hasta que usted haya cumplido con todas las condiciones, a cuyo cumplimiento se obliga mediante este Contrato, incluyendo el saldo total de la cantidad antes identificada como TOTAL DE PAGOS.

4. Usted se compromete a pagar al Vendedor o sus cesionarios los honorarios de abogado, en caso de referirse este Contrato a un abogado para una reclamación judicial, equivalentes a la cantidad de cincuenta dólares ($50.00) o el 5% del balance de la deuda, lo que sea mayor, y si mediase una estipulación, la cantidad de cincuenta dólares ($50.00) o el 5% de las mensualidades vencidas y cobradas, lo que sea mayor.

5. Usted se compromete a pagar al Vendedor o sus cesionarios todas las costas y gastos incurridos en relación con una acción judicial, bajo este Contrato incluyendo, pero no limitado a; sellos de rentas internas, fianza judicial, costos de investigación y diligenciamiento, grúa, seguros, almacenamiento y conservación del Vehículo.

**"AVISO AL COMPRADOR"**
NO FIRME ESTE CONTRATO SIN LEERLO O SI EL MISMO CONTIENE ESPACIOS EN BLANCO. USTED TIENE DERECHO A UNA COPIA DE ESTE CONTRATO. BAJO LA LEY ACTUAL, USTED TIENE DERECHO A SALDAR POR ANTICIPADO EL BALANCE ADEUDADO BAJO EL CONTRATO. EN ESE CASO SE CANCELARA EL PRINCIPAL ADEUDADO A LA FECHA DEL PAGO MAS CUALQUIER BALANCE PARA CUBRIR CARGOS O INTERESES DEVENGADOS A ESA FECHA.

USTED, CERTIFICA QUE AL MOMENTO DE FIRMAR ESTE CONTRATO, HA LEIDO ESTE DOCUMENTO EN SU TOTALIDAD INCLUYENDO LAS CONDICIONES Y TERMINOS ADICIONALES Y EL "ANEJO DE AVISOS" BAJO EL CONTRATO DE VENTA AL POR MENOR A PLAZOS QUE FORMA PARTE DEL MISMO Y HA RECIBIDO UNA COPIA EXACTA Y DEBIDAMENTE LLENA DEL MISMO.

**"AVISO AL DEUDOR"**
USTED ESTA ADVERTIDO QUE EL VENDEDOR-ACREEDOR GARANTIZADO TENDRA DERECHO A LA POSESION DE LA PROPIEDAD GRAVADA LUEGO DE UN EVENTO DE INCUMPLIMIENTO SIN INCOAR PROCEDIMIENTO JUDICIAL.

**GARANTIA DEL FIADOR SOLIDARIO (CO-DEUDOR)**
En consideración al otorgamiento de este Contrato por el Vendedor, el suscribiente por la presente garantiza solidariamente al Vendedor y su Cesionario FIRSTBANK PUERTO RICO, el pago de todos los plazos especificados en el Contrato, más intereses y el cumplimiento de todos los términos y condiciones del Contrato por parte del Comprador. El suscribiente se obliga a pagar a FIRSTBANK PUERTO RICO, cuando fuese requerido para ello, la totalidad del balance pendiente de pago bajo el Contrato, si en cualquier momento el Comprador dejase de cumplir con algunas de sus obligaciones o condiciones bajo este Contrato sin obligación alguna de FIRSTBANK PUERTO RICO, de proceder primeramente contra el Comprador. La responsabilidad del fiador no se afectará por cualquier prórroga, transacción, indulgencia, arreglo o variación de las obligaciones incurridas por o con el Comprador o cualquier otra persona interesada. Tampoco se afectará por la pérdida, avería o destrucción del Vehículo, por el traspaso o cesión de este Contrato, disponiéndose, sin embargo, que el fiador no estará obligado más de lo que viene obligado el Comprador bajo los términos del mismo. FIRSTBANK PUERTO RICO podrá utilizar contra usted los mismos métodos de cobro que puede utilizar contra el Comprador, tales como: demandas de cobro de dinero, embargo de salarios, etc. Si esta deuda estuviere alguna vez en delincuencia, este hecho puede llegar a formar parte de su récord de crédito. Asegúrese de que puede pagar, si tiene que hacerlo, y usted desea aceptar esta responsabilidad.

Suscrito hoy 24 de MAY de 2013 en
(dia)  (mes)  (año)

Alberic Motor Corp.
Ave 65 Inf. Km 4.9
Sabana Llana
San Juan P.R. 00936

_X Angel L Machin_
Firma del Comprador

_Firma del Vendedor_

_Firma del Co-Solicitante / Co-Deudor_

_Firma del Testigo_

## CONDICIONES Y TERMINOS ADICIONALES

**OBLIGACIONES RESPECTO AL VEHICULO**

1. Usted se obliga a conservar el Vehículo en perfecta condición con la excepción del desgaste natural, y a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al Vehículo o sus usos.

2. Usted no quedará relevado de las obligaciones asumidas bajo este Contrato por la avería, pérdida, daño o destrucción del Vehículo.

3. Usted se obliga a no dar en prenda, hipotecar, dar en garantía o gravar de manera alguna su interés en este Contrato o sobre el Vehículo, ni podrá remover el mismo fuera de Puerto Rico, excepto con el consentimiento escrito del Vendedor.

4. Usted se obliga a no vender o ceder su interés en este Contrato o en el Vehículo, ni a traspasar la posesión del mismo, excepto con el consentimiento escrito del Vendedor. La venta, traspaso o cesión de su interés en el contrato o Vehículo no lo liberará a usted de sus obligaciones bajo este Contrato, excepto si obtiene del Vendedor su consentimiento escrito a la sustitución del Deudor.

5. Usted se obliga a pagar puntualmente todas las contribuciones, derechos de licencia y cualquier otra obligación o penalidad impuesta por cualquier cuerpo gubernamental sobre el Vehículo o uso del mismo así como cualquier cuenta por gasto en relación a dicho Vehículo. También se obliga a mantener el Vehículo libre de reclamaciones, embargos o gravámenes de cualquier clase. Si usted dejase de pagar obligación o gasto alguno, el Vendedor podrá obtener la liberación o entrega del Vehículo mediante pago, y las cantidades así pagadas serán exigibles inmediatamente a usted. La indemnización establecida en este párrafo sobrevivirá la terminación del Contrato.

6. El Vehículo estará bajo su riesgo y Usted se compromete a mantener, durante el término de este Contrato, un seguro de propiedad protegiendo el interés del Vendedor sobre el Vehículo e incluyéndole como asegurado adicional. En caso de que Usted haya elegido obtener directamente el seguro requerido por este Contrato, Usted se obliga a pagar puntualmente las primas de dicha póliza y endosar la misma a favor del Vendedor entregándola a éste evidencia de la misma. Las primas de dicha póliza deben pagarse en su totalidad, en su sólo pago y sin que medie financiamiento. En caso de que usted no provea la evidencia de pago en o antes de la fecha de vencimiento de la anterior, no endose o no obtenga la póliza, el Vendedor podrá obtener una póliza de cubierta, de interés unilateral cubriendo su interés a cuenta de Usted. En tal caso, Usted se obliga a pagar en adición a sus obligaciones bajo este contrato un cargo igual al importe de la prima del seguro obtenido por el Vendedor inmediatamente que fuese requerido para ello. De Usted no pagarlo, estará autorizando al Vendedor para que esa cantidad se añada al principal de su obligación bajo este contrato, conjuntamente con los intereses sobre dicha cantidad desde el momento en que Usted sea requerido de pago y no lo haga.

7. El Comprador reconoce, en caso de que este Contrato sea cedido por EL BANCO incluyendo sus sucesores y cesionarios, que dicho Banco no expresa ninguna garantía implícita de comerciabilidad ("implied warranty of merchantability") ni garantía implícita de que el Vehículo sea propio para un propósito particular ("implied warranty of fitness for a particular purpose").

**CASOS DE INCUMPLIMIENTO:**

El Vendedor podrá acelerar el vencimiento del balance adeudado bajo el Contrato y exigir el pago total de esa suma que será líquida y exigible desde ese momento, en cualesquiera de las siguientes circunstancias:

1. Si usted dejase de pagar tres (3) plazos consecutivos.
2. Si usted dejase de pagar uno o más plazos vencidos, si en dos (2) o más ocasiones anteriores había dejado de pagar dos (2) o más plazos consecutivos y en dichas ocasiones se había rehabilitado al pagar todos los plazos vencidos.
3. Si usted, habiendo dejado de pagar uno (1) o más plazos consecutivos presenta un pago parcial de la suma vencida y después de efectuar ese pago parcial, continúa pagando los plazos futuros a su vencimiento, pero sigue en mora con respecto al remanente de la suma vencida durante tres (3) plazos consecutivos posteriormente a la fecha en que se efectuó el pago parcial.
4. Si usted dejase de cumplir con los términos, condiciones, acuerdos, cláusulas o cualquiera otra de sus obligaciones bajo este Contrato.
5. También podrá acelerarse el vencimiento de toda o parte de la suma adeudada bajo este Contrato por incumplimiento del mismo bajo las siguientes circunstancias: (1) si el Comprador es declarado insolvente o quebrado o admite por escrito su incapacidad para pagar sus deudas según éstas venzan o haga una cesión de sus bienes para beneficio de los acreedores, o el Comprador solicite o consienta al nombramiento de un custodio, síndico u oficial similar para administrar o custodiar o tomar posesión de la totalidad o cualquier parte sustancial de sus propiedades, incluyendo el Vehículo; o el Comprador constituye (por petición, solicitud, contestación, consentimiento, o de otra forma) cualquier procedimiento de quiebra, insolvencia, composición, reorganización, arreglo, reajuste de deudas o cualquier otro procedimiento similar bajo las leyes de cualquier jurisdicción; o que cualquier sentencia, orden, embargo, providencia judicial o administrativa, o cuestión similar sea emitido contra el Vehículo o cualquier propiedad o bien del Comprador y dicha sentencia, orden, embargo, providencia judicial o administrativa o cuestión similar no sea dejada sin efecto, cancelada o afianzada dentro de los treinta (30) días de ser emitida o impuesta, o (2) cuando la validez, legalidad o ejecutabilidad de este Contrato sean objetados por el Comprador o el Comprador niegue que tiene responsabilidades u obligaciones algunas bajo este Contrato, o (3) cuando cualquier representación o garantía hecha por el Comprador en este Contrato sea materialmente incorrecta, o (4) cuando el gravamen mobiliario sea anulado o resulte defectuoso por causas atribuibles al Comprador, o (5) si el Vehículo sufriere daños o desperfectos que redujesen su valor a la mitad de su precio original.

En caso de que ocurra, o continúe ocurriendo, cualquier causa de incumplimiento de las descritas anteriormente, las sumas de principal y sus intereses y todas las demás obligaciones del Comprador bajo este Contrato quedarán líquidas y exigibles automáticamente, sin que se requiera acción de parte del Vendedor o cesionario, sin notificación al Comprador o a ninguna otra persona natural o jurídica, sin protesto, presentación, demanda o aviso; todos los cuales se renuncian expresamente; en el caso de que ocurra, o continúe ocurriendo, cualquier otra causa de incumplimiento de las descritas anteriormente, el Vendedor o su cesionario tendrá todos los derechos y remedios a su favor contemplados bajo la Ley de Transacciones Comerciales (Ley Núm. 208 del 17 de agosto de 1995, según enmendada), y cualesquiera otra ley aplicable, incluyendo pero no limitado al derecho a la posesión y disposición de el Vehículo sin incurrir en procedimiento judicial. Una vez se reposee el Vehículo, el Vendedor o su cesionario podrá vender o disponer de él Vehículo a través de cualquier procedimiento a tenor con la Ley de Transacciones Comerciales. El producto de dicha venta menos las deducciones permitidas, incluyendo el reembolso de los gastos incurridos por el Vendedor o su cesionario por motivo de la reposesión y venta del Vehículo, será aplicado al pago de las obligaciones del Comprador bajo este Contrato. El sobrante, si alguno, será pagado al Comprador, a menos que por ley se disponga otra cosa. Los derechos y remedios del Vendedor o su cesionario bajo este Contrato son adicionales a cualesquiera otros derechos concedidos por la ley y podrán hacerse efectivo sucesiva o concurrentemente. El Comprador será responsable al Vendedor o su cesionario de cualquier deficiencia que pueda surgir en relación con sus obligaciones bajo este Contrato una vez el Vendedor haya dispuesto del Vehículo y deducido los gastos razonables incurridos en el cobro de la obligación garantizada.

Conforme a las disposiciones de ley aplicables el Vendedor podrá hacer cumplir sucesiva o concurrentemente uno o más de los remedios aquí previstos y dicha acción no le impedirá al Vendedor cualquier otro remedio que pueda tener a tenor con la ley.

En caso de radicación de acción judicial por el incumplimiento de este Contrato Usted vendrá obligado a pagar una cantidad por concepto de honorarios de abogado que no excederá la cantidad máxima establecida para este tipo de cargo en los reglamentos aplicables promulgados por el Comisionado de Instituciones Financieras de Puerto Rico. Vendrá usted obligado además, a pagar todas las costas y gastos del caso.

Cualquier Cesionario de este Contrato tiene el derecho a compensar con o sin aviso a usted cualquier deuda que surja de este Contrato mediante la aplicación al pago de la misma de cualquier dinero perteneciente a usted que esté o que en el futuro pudiese estar en posesión de dicho Cesionario. FIRSTBANK PUERTO RICO podrá, a su opción, deducir o saldar el importe vencido del principal y de los intereses de esta obligación, aplicando para ese fin cualesquiera cantidades en depósito en FirstBank, valores o créditos a nombre de los firmantes o de cualquiera de ellos.

**DISPOSICIONES GENERALES:**

Este Contrato podrá ser cedido por el Vendedor y así cedido, el Cesionario tendrá el derecho de ejercer todos y cualesquiera derechos, poderes, o discreciones del Vendedor bajo el mismo. Toda referencia al Vendedor en este Contrato debe entenderse como incluyendo al Cesionario. Ambas partes reconocen que este Contrato constituye todo el convenio entre ellos. Usted acepta que excepto lo que aparece del mismo, ninguna representación adicional sobre el Vehículo o garantía tácita o expresa ha sido hecha a usted. Ninguna alteración, enmienda o limitación a este Contrato tendrá efecto o vigor a menos que esté por escrito y debidamente firmada por las partes.

Cualquier prórroga en este Contrato no afectará las condiciones del mismo ni tendrá el efecto de relevarlo a usted de sus obligaciones bajo el mismo.

La omisión o demora por parte del Vendedor de hacer uso de cualesquiera de los derechos concedidos en este Contrato no constituirá ni deberá interpretarse como una renuncia por parte del Vendedor de cualesquiera de los derechos que pueda tener bajo el mismo.

Si esta obligación fuese firmada por más de una persona y/o corporación el contrato como compradores, todos los acuerdos y obligaciones aquí contenidos se considerarán para todos los fines como obligaciones solidarias de cada uno de los firmantes. Toda referencia al "Comprador" o a "Usted" deberá entenderse como incluyendo a todos los firmantes.

En caso de incumplimiento del contrato usted acuerda al Vendedor cualquier prima no devengada y/o suma de dinero por concepto de cancelación de seguros, servicios y/o garantía de avería mecánica financiada en este contrato para ser aplicada como abono a cualquier balance adeudado por usted bajo este contrato. Usted autoriza a la compañía aseguradora, de servicio y/o avería mecánica a hacer el pago de la suma de dinero directamente al Vendedor en caso de que existiese un balance pendiente de pago bajo este contrato.

Las cantidades divulgadas en este Contrato en los renglones de Cargos por Financiamiento y Total de Pagos podrían variar dependiendo la fecha en que usted realice sus pagos mensuales. Esto se debe a que el tipo de amortización que se utiliza en su préstamo es el de interés Simple bajo la Regla U.S. según la estipula la ley... [texto ilegible]

(Columna derecha)

... intereses que usted tendrá que pagar lo determinará la fecha en que se reciban sus pagos.

T. En caso de cualquier reclamación, usted se somete a la jurisdicción y competencia de la sala del Tribunal General de Justicia de Puerto Rico del lugar de otorgamiento de este Contrato.

U. Se conviene expresamente entre el Vendedor y el Comprador que este Contrato será radicado en el Departamento de Transportación y Obras Públicas de Puerto Rico en caso de Vehículos de motor.

V. Usted acuerda que luego de haber pagado todas las sumas adeudadas al Vendedor y/o Acreedor Garantizado bajo este Contrato, el Vendedor o Acreedor Garantizado enviará a la última dirección conocida del Comprador el certificado de Título correspondiente al Vehículo.

W. La validez y ejecutabilidad de este Contrato se interpretará y regirá bajo las leyes del Estado Libre Asociado de Puerto Rico.

X. Los títulos de secciones utilizados en este Contrato son solo para propósitos de organización y conveniencia y no tendrán efecto alguno sobre el significado o interpretación de ninguna de sus cláusulas.

Y. Las cláusulas de este Contrato son separables. En el caso de que judicialmente se determinara la nulidad o invalidez de alguna de las cláusulas de este Contrato, dicha determinación no afectará la validez de las restantes cláusulas, las cuales continuarán en pleno vigor.

### AVISO AL COMPRADOR

1. Si el adjunto estado de cuenta de su transacción con el Vendedor no fuere correcto en todos sus extremos; o
2. Si la mercancía descrita en este aviso o en sus anexos no le hubiere sido entregada a Usted por el Vendedor o no estuviere en la actualidad en su poder, o
3. Si el Vendedor no hubiere cumplido todas sus obligaciones para con Usted, Usted deberá notificarlo al Cesionario, por escrito, mediante correo certificado con acuse de recibo, a la dirección indicada en este aviso dentro de los 20 días siguientes a la fecha en que tenga conocimiento de algún hecho que pueda dar lugar a una causa de acción o defensa que surja de la venta y que pudiera Usted tener en contra del Vendedor.
4. Cualquier reclamación al Vendedor debe ser referida a FirstBank Puerto Rico, PO. Box 13817, San Juan, Puerto Rico 00908-3817.

**AVISO AL CESIONARIO:** EL CESIONARIO QUE RECIBA O ADQUIERA EL PRESENTE CONTRATO AL POR MENOR A PLAZOS O UN PAGARE RELACIONADO CON ESTE QUEDARA SUJETO, EN IGUALDAD DE CONDICIONES A CUALQUIER RECLAMACION O DEFENSA QUE EL COMPRADOR PUEDA INTERPONER EN CONTRA DEL VENDEDOR. EL CESIONARIO DEL CONTRATO TENDRA DERECHO A PRESENTAR CONTRA EL VENDEDOR TODAS LAS RECLAMACIONES Y DEFENSAS QUE EL COMPRADOR PUEDE LEVANTAR CONTRA EL VENDEDOR DE LOS ARTICULOS O SERVICIOS. (AVISO REQUERIDO POR LA LEY LOCAL)

CUALQUIER TENEDOR DE ESTE CONTRATO DE CREDITO AL CONSUMIDOR ESTA SUJETO A TODAS LAS RECLAMACIONES Y DEFENSAS QUE EL DEUDOR PUEDA MANTENER CONTRA EL VENDEDOR DE LOS BIENES O SERVICIOS OBTENIDOS CONFORME AL MISMO CON SUS REDITOS. EL RECOBRO BAJO ESTA CLAUSULA POR EL DEUDOR NO EXCEDERA LAS CANTIDADES PAGADAS POR EL DEUDOR BAJO ESTE CONTRATO. (AVISO REQUERIDO POR LEY FEDERAL)

### CESION

Por valor recibido el que suscribe por la presente CEDE, VENDE Y TRASPASA, al EL BANCO, sus sucesores y cesionarios, (en adelante, todos incluidos en el término "EL BANCO"), todo su título, derecho o interés en este contrato y en el Vehículo. Por la presente, representa y garantiza que no ha ocurrido cosa alguna que haya podido afectar o modificar la validez y el cumplimiento de este Contrato en todas sus partes, de acuerdo con sus términos y que el Vehículo no es objeto de ninguna reclamación o defensa por parte del Comprador y esté libre de todo tipo de gravamen, siendo el suscribiente titular de este contrato, quien tiene derecho absoluto para ceder, vender y traspasar el título al presente Contrato y que dicho Vehículo se encuentra libre de defectos y en buen estado de uso. Representa y garantiza además el suscribiente que la cantidad en efectivo mencionada en este Contrato como pronto pago del Comprador ha sido recibida y pagada por el Comprador y que ninguna parte de dicho dinero fue suplido por el Vendedor o su agente, y que el Vendedor no retiene obligación diferida alguna del Comprador o su agente que se relaciona con esta compraventa, y que las manifestaciones hechas en este Contrato son verdaderas y ciertas en todas sus partes. Además, el suscribiente representa y garantiza a EL BANCO, que: (i) el Contrato cedido evidencia una compraventa bonafide de el Vehículo y que el mismo refleja todos sus términos y condiciones y no es rescindible; (ii) el Comprador bajo el Contrato constituye el adquirente de el Vehículo; (iii) en relación con el Contrato se han cumplido con todas las leyes aplicables y se han tomado todos los pasos necesarios para perfeccionar un gravamen sobre el Vehículo; (iv) el Vehículo ha sido entregado al Comprador; (v) que es correcta la información suministrada en el contrato; y (vi) el Contrato constituye una obligación válida y exigible del Comprador y que éste no tiene ninguna reclamación en contra del suscribiente por violación del Contrato, disposición de alguna ley aplicable o por defectos en el Vehículo, ni existe justificación o base alguna para una reclamación futura del Comprador por tales conceptos.

Como condición esencial de esta cesión, el suscribiente representa y garantiza que cumplirá con todos los requisitos legales y/o contractuales incluyendo venta, reparación, servicio y garantía relacionados con el Vehículo y que permanecerá siendo responsable por el cumplimiento de sus obligaciones con el Comprador. El suscribiente además se compromete que a opción del EL BANCO, inscribirá debidamente el Vehículo en el Registro para Vehículos de Motor y el gravamen mobiliario en el registro apropiado o someterá al EL BANCO toda la documentación legal necesaria para poder inscribir el Vehículo y el gravamen mobiliario dentro del término dispuesto por ley, libre de cargos y gravámenes con excepción del gravamen mobiliario.

El suscribiente acuerda recomprar el Contrato a solicitud de EL BANCO, sus sucesores o cesionarios, en caso de que el suscribiente incumpla con cualesquiera de sus obligaciones bajo el Contrato o de las representaciones y garantías antes indicadas o si el Contrato queda resuelto por cualquier razón. El suscribiente acuerda indemnificar y salvaguardar a EL BANCO de toda responsabilidad, demandas, reclamaciones, costas, gastos, desembolsos, honorarios de abogado en los cuales EL BANCO, incurra por razón del incumplimiento del suscribiente de cualquiera de las representaciones o garantías mencionadas.

EL BANCO, podrá permitir modificaciones al Contrato o conceder extensiones en cuanto a los pagos adeudados bajo el mismo, sin que tal acción afecte la responsabilidad del suscribiente hacia EL BANCO, y sin que sea necesario el consentimiento del suscribiente a tales modificaciones o extensiones.

EL BANCO, no tendrá que llevar acción contra el Comprador antes de requerir al Vendedor que cumpla sus obligaciones bajo la presente cesión.

Cualquier reclamación al Vendedor debe ser referida al FIRSTBANK PUERTO RICO, PO. Box 13817, SAN JUAN, PUERTO RICO 00908-3817.

☐ A. Sin recurso al cedente.

☐ B. Con recurso al cedente. En consideración a la compra de este Contrato por EL BANCO, el suscribiente se obliga incondicionalmente a garantizar solidariamente el pago puntual de todos los plazos especificados en el Contrato, más intereses y se obliga a readquirir por compra, inmediatamente que fuese requerido para ello por EL BANCO, este Contrato de Venta al por Menor a Plazos pagando el suscribiente la totalidad de la deuda pendiente de pago bajo el mismo, si en cualquier momento el Comprador dejase de hacer efectivo a su vencimiento algún plazo, dejase de cumplir con algunas de las condiciones de este Contrato, o si el mismo fuese rescindido por cualquier razón.

La responsabilidad del suscribiente no será afectada por cualquier indulgencia, prórroga, transacción o variación en la obligación incurrida por o con el Comprador o cualquier otra persona interesada y se renuncia expresamente al derecho a aviso de aceptación de esta garantía y a todo aviso, demanda o notificación de incumplimiento, protesto, requerimiento de pago, exclusión y remedios posesorios.

☐ C. Con recurso al cedente, modificado, según se indica adelante. En consideración a la compra de este Contrato por EL BANCO, el suscribiente se obliga incondicionalmente a garantizar solidariamente el pago puntual de todos los plazos especificados en el Contrato, más intereses y se obliga a readquirir por compra, inmediatamente que fuese requerido para ello por EL BANCO, este Contrato de Venta al por Menor a Plazos, si en cualquier momento el Comprador dejase de hacer efectivo a su vencimiento algún plazo, si dejase de cumplir con cualquiera de las condiciones de este Contrato o si el mismo fuese rescindido por cualquier razón disponiéndose, sin embargo, que al momento de ser requerido por EL BANCO, para readquirir este Contrato, según lo estipulado, dicho suscribiente podrá readquirir el Contrato pagando al EL BANCO, la suma de $ _____ esté o no vencida la totalidad de la deuda pendiente de pago bajo el Contrato. La responsabilidad del suscribiente no se verá afectada por cualquier indulgencia, prórroga, transacción o variación incurrida por el Comprador o cualquier otra persona con interés bajo el mismo y se renuncia expresamente al derecho o aviso de aceptación de esta garantía y todo aviso, demanda, notificación de incumplimiento, requerimiento de pago, protesto, exclusión o remedios posesorios.

INDEPENDIENTEMENTE DE QUE LA CESION DE ESTE CONTRATO SE HAGA CON O SIN RECURSO O CON LA GARANTIA, EL SUSCRIBIENTE SE COMPROMETE A PAGAR O REEMBOLSAR A EL BANCO CUALQUIER PERDIDA O DAÑO QUE TENGA O SUFRA BAJO EL MISMO CON MOTIVO DE CUALQUIER DEFENSA O RECLAMACION QUE TENGA EL COMPRADOR BAJO EL CONTRATO.

En _____, Puerto Rico a _____ de _____ de _____

**1 First Bank**

CONTRATO DE VENTA AL POR MENOR A PLAZOS
(ACUERDO DE GRAVAMEN MOBILIARIO SOBRE EL VEHICULO)

JUN 14 2013

MAY 24 2013
Mes   Día   Año

COMPRADOR(ES):
Nombre: ANGEL L MACHIN RIVERA
Dirección: BO JAGUAL CARR 181 KM6 6
SAN LORENZO PR 00754

VENDEDOR:
Nombre: ALVAREZ,YASHIRA
Dirección: ALBERIC MOTORS CORP
BO SAN ANTONIO CARR #1 KM 30.3
CAGUAS, PUERTO RICO 00727

stamp
2861

Por la presente, el comprador suscrito (en adelante, "Usted" o "Comprador"), compra del vendedor suscrito (en adelante "Nosotros o el Vendedor") propiedad personal (en adelante, el "Vehículo") que a continuación se describe, sujeto a los términos y condiciones al dorso de este Contrato. El Comprador por este medio constituye a favor del Vendedor un gravamen mobiliario sobre el Vehículo y sobre cualquier mejora, accesiones, bienes o equipo incorporados o adheridos a dicho Vehículo y sobre cualquier otro bien o producto recibido por concepto de cualquier venta, cambio o disposición del Vehículo (incluyendo cualquier pago bajo una póliza de seguro), para garantizar y asegurar el pago y cumplimiento total y a tiempo de todas las obligaciones contratadas por el Comprador bajo este contrato o cualquier otro acuerdo futuro entre el Comprador y el Vendedor. El Vendedor retiene un gravamen sobre el Vehículo, el cual ha sido entregado al Comprador a su entera satisfacción, hasta que el Comprador haya pagado y satisfecho todas sus obligaciones bajo este contrato. Usted reconoce que el Vehículo ha sido examinado, recibido y aceptado en su actual estado:

27-3-14

| Nuevo ☐ | AÑO | MARCA | MODELO | CLASE O TIPO | NUMERO DE SERIE | PRECIO DE CONTRATO |
|---------|-----|-------|--------|--------------|-----------------|--------------------|
|  |  |  |  |  |  |  |

---

## CERTIFICADO DE TITULO

### GOBIERNO DE PUERTO RICO
### DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS
### DIRECTORIA DE SERVICIOS AL CONDUCTOR

31mar2014  10:04:55    0391-10541-4890-000000000

| NUMERO DE TITULO | FECHA DE EXPEDICION | NUMERO DE REGISTRO | FECHA DE REGISTRO |
|------------------|---------------------|--------------------|-------------------|
| A 11185471 | 30jul2013 | 11167174 | 16nov2012 |

| NUMERO DE SERIE (VIN) | MARCA | MODELO | AÑO | NUM. CILINDROS |
|-----------------------|-------|--------|-----|----------------|
| 3N1CN7AP3DL832950 | NISSAN | VERSA | 2013 | 4 |

| CAP. CARGA | PESO | NUEVO USADO | TITULO ANTERIOR | ESTADO | ODOMETRO | COLOR |
|------------|------|-------------|-----------------|--------|----------|-------|
| 0 | 0 | NUEVO | Cert Orig | JP | 10 | BLANCO |

NOMBRE Y DIRECCION DEL DUEÑO REGISTRAL:

Nombre: MACHIN RIVERA, ANGEL L

Resid: BO JAGUAL
CARR 181 KM 6.6
SAN LORENZO, PR 00754

ESTE ES SU
TITULO DE PROPIEDAD.
CONSERVELO EN
SITIO SEGURO.

Postal: PO BOX 206
SAN LORENZO, PR 00754-1

GRAVAMENES

PRIMER GRAVAMEN (VENTA CONDICIONAL)
First Bank

FECHA
DIA-MES-AÑO
31mar2014

SEGUNDO GRAVAMEN (OTROS)

12194012

70782861          1696
GL24131       05/02/2014
                  $5.00
Pres Grav-Vehi-Mot SC-848
52855-2014-0502-51687806

CANCELACION GRAVAMEN

EL (LOS) ABAJO FIRMANTE (S) TENEDOR (ES) DEL GRAVAMEN SOBRE EL VEHICULO DE MOTOR DESCRITO ARRIBA CERTIFICAMOS QUE EL MISMO HA SIDO PAGADO (SI MAS DE UN GRAVAMEN DEBERAN APARECER DOS (2) FIRMAS)

PRIMER
GRAVAMEN _____

FECHA          FIRMA AUTORIZADA

SEGUNDO
GRAVAMEN _____

FECHA          FIRMA AUTORIZADA

NUMERO CONTROL

A 11540520

SECRETARIO DTOP
O REPRESENTANTE AUTORIZADO

**14-09691-ESL13** ANGEL LUIS MACHIN RIVERA
Case type: bk Chapter: 13 Asset: Yes Vol: v Bankruptcy Judge: ENRIQUE S. LAMOUTTE INCLAN
Date filed: 11/24/2014 Date of last filing: 01/29/2015

# Case Summary

| | |
|---|---|
| **Office:** Old San Juan | **Filed:** 11/24/2014 |
| **County:** SAN LORENZO-PR | **Terminated:** |
| **Fee:** Paid | **Debtor discharged:** |
| **Origin:** 0 | **Reopened:** |
| **Previous term:** | **Converted:** |
| | **Debtor dismissed:** |
| **Joint:** n | **Confirmation hearing:** 02/13/2015 |
| **Original chapter:** 13 | |
| **Current chapter:** 13 | |

**Nature of debt:** consumer
**Pending status:** Awaiting Chapter 13 Plan
**Flags:** CounDue, DebtEd

**Trustee:** ALEJANDRO OLIVERAS RIVERA **City:** SAN JUAN **Phone:** 787 977-3500 **Email:** aorecf@ch13sju.com

**Trustee:** MONSITA LECAROZ ARRIBAS **City:** SAN JUAN **Phone:** **Email:** ustpregion21.hr.ecf@usdoj.gov

**Party 1:** MACHIN RIVERA, ANGEL LUIS   (Debtor)
        SSN / ITIN: xxx-xx-4933

**Atty:** ROBERTO FIGUEROA CARRASQUILLO **Represents party 1:** Debtor **Phone:** 787 744-7699
**Fax:** 787-746-5294
**Email:** cmecf@rfclawpr.com

**Location of case files:**
   **Volume:** CS1
The case file may be available.

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/10/2015 08:28:25 | | | |
| **PACER Login:** | bancos12:2548506:0 | **Client Code:** | |
| **Description:** | Case Summary | **Search Criteria:** | 14-09691-ESL13 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



| Easysurf | Home | Site Map | E-Mail | Help |

E-mail ThisPage
To A Friend

**Day Counter - How many days and/or weeks between two dates**

| | From: | Month | Day | Year | Era |
|---|---|---|---|---|---|
| | | May | 24 | 2013 | A.D. |
| | To: | Month | Day | Year | Era |
| | | November | 24 | 2014 | A.D. |

**549 Days  -- or --  78 Weeks and  3 Days**

Reset

**Click here to add this page to your list of Favorites**

# Directions

Enter earlier date information at "From:"
Enter later date information at "To:"
Select a month and a date. Enter a year.
The year entered must be a positive number. Not zero (0).
If you type "ghblxz", in the year box the computer will print "0"
If you type "1.9e2", the computer will use "190" to calculate the answer.
If you select "February 31", the computer will print "Not a Day"
Click "Click to Calculate" button. The number of days between the two selected dates will appear.
NaN = not a number
To clear the entry boxes click "Reset".

The calculations made on this calculator count exclusively.
To count inclusively, you may add one day to the results.

How do we Count

E-mail This Page To A Friend

Return to the Top

Year - Month - Day - Hour - Minute Counter How many days, hours and minutes are there between two dates and times

Time Menu

Label Matrix for local noticing
0104-3
Case 14-09691-ESL13
District of Puerto Rico
Old San Juan
Tue Feb 10 08:31:42 AST 2015

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

AEE
PO Box 372828
Cayey, PR  00737-2828

AUTORIDAD DE ENERGIA ELECTRICA
PO BOX 372828
CAYEY PR 00737-2828

Att Services
PO Box 192830
San Juan, PR 00919-2830

Claro
PO Box 360998
San Juan, PR 00936-0998

(p)SPRINGLEAF FINANCIAL SERVICES
P O BOX 3251
EVANSVILLE IN 47731-3251

EMP. BERRIOS FINANCIERA
PO BOX 674
CIDRA, PR 00739-0674

FIRST BANK
CONSUMER SERVICE CENTER
BANKRUPTCY DIVISION - CODE 248
PO BOX 9146, SAN JUAN PR 00908-0146

Fingerhut Freshstart
16 Mcleland Rd
Saint Cloud, MN 56303-2198

FirstBank Of Puerto Rico
PO Box 11865
San Juan, PR  00910-3865

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

OASIS FINANCIAL SERVICES
PO BOX 1011
BAYAMON PR 00960-1011

Oasis Finance Service
275 Lemay Ferry Ro
Saint Louis, MO 63125-1239

(p)SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

Universal Financial
PO Box 71493
San Juan, PR  00936-8593

Webbank/fingerhut Fres
6250 Ridgewood Rd
Saint Cloud, MN 56303-0820

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062

ANGEL LUIS MACHIN RIVERA
PO BOX 206
SAN LORENZO, PR 00754-0206

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Commoloco  Inc
55 Calle De Diego
San Lorenzo, PR  00754

Jefferson Capital Syst
16 McLeland Rd
Saint Cloud, MN  56303-2198

Sprint Corp
Attn Bankruptcy Dept
PO Box 7949
Overland Park KS 66207-0949

End of Label Matrix
Mailable recipients    20
Bypassed recipients     0
Total                  20